JAMES SAWYER *v.* CHRISTIAN GUSCURTH ET AL.

[Kentucky Law Reporter, Vol. 3—592.]  ·

**Guardian and Ward.**

It is only in an action by the guardian against his ward that the proceeds of the infant's estate can be applied for his maintenance and education, and in such an action the infant must be served with process.

**Sale of Infant's Real Estate.**

A statutory guardian, desiring to sell his infant ward's real estate for his maintenance and education, must make the infant a party defendant and have him served with process; and the court has no authority to order a sale where this is not done.

APPEAL FROM DAVIESS CIRCUIT COURT.

February 15, 1882.

OPINION BY JUDGE LEWIS:

Under Civ. Code (1876), §491, in an equitable action by the owner of a particular estate or freehold in possession, against the owner of the reversion or the remainder, though an infant, real property may be sold for investment of the proceeds in other real property. Under that section this action appears to have been brought by the owner of the particular estate, being the mother' of the infant defendants. But in her petition she asks that the value of her interest be paid in money directly to her, and the remainder be invested in a house and lot for herself and children, the title being taken to them.

Civ. Code (1876), § 489, subsec. 3, authorizes, in an action by a guardian against his ward, a sale of the estate of the ward for his maintenance and education. Section 489, subsec. 5, author-

izes, in such an action, a sale of the estate of an infant and investment in other property.

Notwithstanding, by the terms of § 491, as well as § 489, subsec. 5, the proceeds are required to be invested in other real property, and the purpose of the legislature seems to be to preserve the fund intact, still we are of the opinion that under the authority given by § 489, subsec. 3, as well as under the inherent power belonging to the chancellor, such portion of the proceeds belonging to the infant, arising from the sale under the proceedings of either the other two sections, as may be necessary for his education and maintenance, may be diverted from the investment and applied to such necessary purposes.

But it is only in actions by the guardian against his ward that the proceeds of the infant's estate can be applied for his maintenance and education. While the action authorized by § 491 may be brought by the owner of the particular estate, the actions authorized by § 489, subsecs. 3 and 5, must be brought by the guardian. Whether brought by the one or the other the infant must be served with process, as required by Civ. Code (1876), § 52. As the mother, upon whom the process upon the original petition was served for the infant defendants, was herself the plaintiff, it would seem that the spirit of the code was not complied with. The process, she being plaintiff, should have been served upon a guardian or other person described in § 52 not interested.

Though the pleading subsequently filed by the statutory guardian, Burton, was denominated a petition and answer, it was substantially a cross-action against the infants, seeking a sale of their estate for their maintenance and education, and being necessary party defendants thereto, they should have been made so, and served with process. As this was not done, the court had no authority to order a sale of their estate.

Though the first judgment was void, and the sale under it was properly set aside, the action was not necessarily discontinued. But being upon the docket, it was not improper for the court to permit the pleading to be filed by Burton, the guardian. If at the time the second judgment was rendered the infant defendants had been before the court, the sale would have been valid, for in every other respect the law was substantially complied

with.   But for the reason stated the judgment of the court below, directing a sale of the property and overruling the exceptions filed by appellant, must be *reversed* for further proceedings consistent with this opinion.

*Weir, Weir & Walker, for appellant.*

*W. N. Sweeney & Sons, for appellees.*